5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Wayne FERRIS, Plaintiff-Appellant,
v.
David E. YOCOM, individually employed with the Salt Lake
County Prosecutors Association, Defendant-Appellee.
 No. 93-4075.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's order determining that Defendant was absolutely immune from suit and dismissing his civil rights case. 28 U.S.C. Sec. 1983. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 Plaintiff alleges that on August 2, 1992, he was arrested for auto theft and spent ninety-four days in jail before the case was dismissed. Plaintiff brought this suit in forma pauperis against Defendant, the County Attorney, in his personal capacity, for initiating prosecution against him.
 
 
 3
 Under Sec. 1915(d), a court may dismiss "frivolous or malicious" claims filed in forma pauperis before the complaint has been served. 28 U.S.C. 1915(d); Neitzke v. Williams, 490 U.S. 319, 324 (1989). An argument is frivolous if it is "based on an indisputably meritless legal theory," such as when a defendant is immune from suit. Id. at 327. See Hall v. Bellman, 935 F.2d 1106, 1109 (10th Cir.1991). Prosecutors are absolutely immune from civil suit for damages under Sec. 1983 "[when] initiating a prosecution and [when] presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1975). We review frivolousness determinations for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and because Defendant enjoys absolute immunity for initiating prosecution against Plaintiff, he cannot be sued for damages under Sec. 1983, and the district court did not abuse its discretion when it dismissed Plaintiff's case.
 
 
 4
 DISMISSED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3